**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. DONALD J. HABEREK, JR., Defendant. | No. CR03-3077-MWB **REPORT AND RECOMMENDATION ON MOTION TO STRIKE STATUTORY PRESUMPTION** |

This matter is before the court on the defendant's Motion to Strike Statutory Presumption, filed May 25, 2006. (Doc. No. 11) The plaintiff (the "Government") has not resisted the motion. Pursuant to the trial management order (Doc. No. 10), this motion has been referred to the undersigned United States Magistrate Judge for review and the issuance of a report and recommended disposition.

On November 19, 2003, the United Sates Grand Jury returned a four-count indictment against the defendant. In counts 1 and 3, the Grand Jury charged that the defendant had a child support obligation in excess of $10,000, that remained unpaid for more than two years, in violation of 18 U.S.C. § 228(a)(3). In counts 2 and 4, the Grand Jury charged that the defendant had a child obligation in excess of $5,000, that remained unpaid for more than one year, in violation of 18 U.S.C. § 228(a)(1). Both sections 228(a)(1)and 228(a)(3) require that the defendant's failure to pay child support be "willful."

Title 18 U.S.C. section 228(b) provides as follows:

> The existence of a support obligation that was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period.

In his motion, the defendant asks the court to rule that the statutory presumption in section 228(b) violates the Due Process Clause of the Fifth Amendment to the United States Constitution.

As noted above, the Government has not resisted the motion. Local Rule 47.1.a provides that "a resistance to a motion in a criminal case must be filed within five court days after the motion is served, plus an additional three days under Local Criminal Rule 45.1 and Federal Rule of Criminal Procedure 45.1.c if the motion is served electronically or by mail." The motion was served electronically on May 25, 2006, so the deadline for resisting the motion was June 5, 2006. Under Local Rule 7.1.f, "[i]f no timely resistance to a motion is filed, the motion may be granted without notice." Here, the motion could be granted on this basis.

In any event, the defendant has cited four cases in support of this argument, to-wit: *United States v. Casey*, slip op., 2006 WL 277092 (D. Neb. Feb. 3, 2006) (concluding 18 U.S.C. § 228(b) violates the Fifth Amendment Due Process Clause, and the appropriate remedy was to sever subsection (b) from the remainder of section 228); *United States v. Pillor*, 387 F. Supp. 2d 1053, 1057 (N.D. Ca. 2005) (same); *United States v. Morrow*, 368 F. Supp. 2d 863, 866 (C.D. Ill. 2005) (same); *United States v. Grigsby*, 85 F. Supp. 2d 100, 108-09 (D.R.I. 2000) (same). *See also United States v. Edelkind*, slip op., 2006 WL 1453035 (W.D. La. May 18, 2006) (same). The court can find no contrary authority, and finds the reasoning in these cases to be persuasive.

Accordingly, the court recommends the motion to strike be granted, severing subsection 228(b) from the statute, and that the rebuttable presumption set out in subsection 228(b) be disregarded by the court and not be presented to the jury.

## *CONCLUSION*

For the above reasons, **IT IS RESPECTFULLY RECOMMENDED** that the defendant's motion to strike be **granted**.

Any party who objects to this report and recommendation must serve and file specific, written objections by **June 16, 2006**. Any response to the objections must be served and filed by **June 23, 2006.**

**IT IS SO ORDERED.**

**DATED** this 7th day of June, 2006.

*[signature]*

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT