# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DONALD J. HABEREK, JR., <br><br> Defendant. | No. CR03-3077-MWB <br><br> **ORDER CONCERNING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO STRIKE STATUTORY PRESUMPTION** |

## *I. INTRODUCTION AND BACKGROUND*

On November 19, 2003, an indictment was returned against defendant Donald J. Haberek, Jr., charging him with two counts of failure to pay interstate child support obligations in excess of $10,000.00, in violation of 18 U.S.C. § 228(a)(3) and two counts of failure to pay interstate child support obligations in excess of $5,000.00, in violation of 18 U.S.C. § 228(a)(1). On May 28, 2006, defendant Haberek filed a Motion To Strike Statutory Presumption. In his motion, defendant Haberek seeks to have the court rule that the statutory presumption found in 18 U.S.C. § 228(b) violates the Due Process Clause of the Fifth Amendment of the United States Constitution.[1] Defendant Haberek filed a

---

[1] Title 18 U.S.C. section 228(b) sets out a rebuttable presumption that, if a child support order is in effect during the relevant time period, the obligor has the ability to pay the support obligation for that time period. Section 228(b) provides as follows:

> (b) Presumption.--The existence of a support obligation that
>
> (continued…)

Motion To Strike Statutory Presumption was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). On June 7, 2006, Judge Zoss has filed a Report and Recommendation in which he recommends that defendant Haberek's Motion To Strike Statutory Presumption be granted. Judge Zoss found that because the government had not filed a timely resistance to the motion that the motion could be granted on this basis. Alternatively, Judge Zoss, found that § 228(b) contains an unconstitutional mandatory presumption which relieves the government of its burden to prove every element of the charged conduct. Judge Zoss, therefore, recommended that this court sever subsection (b) from the remainder of 18 U.S.C. § 228, and that no instruction be given to the jury as to the presumption contained in that subsection. Neither the government nor defendant Haberek have filed objections to Judge Zoss's Report and Recommendation.[2]

## II. LEGAL ANALYSIS

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

---

[1](…continued)
> was in effect for the time period charged in the indictment or information creates a rebuttable presumption that the obligor has the ability to pay the support obligation for that time period.

18 U.S.C. § 228(b).

[2] The court notes that on June 8, 2006, the government filed a response to defendant Haberek's Motion To Strike Statutory Presumption in which the government asserts that it does not intent to request an instruction on the statutory presumption found in § 228(b). As a result, the government contends that defendant Haberek's Motion To Strike Statutory Presumption is rendered moot. The government's response is untimely and does not address Judge Zoss's Report and Recommendation.

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and conclusions, that there is no ground to reject or modify them.[3] Therefore, the court **accepts** Judge Zoss's Report and Recommendation of June 7, 2006, and orders that defendant Haberek's Motion To Strike Statutory Presumption is **granted**. The court holds that § 228(b) is severed from § 228 and the jury shall not be instructed as to any

---

[3] As Judge Zoss noted in his Report and Recommendation, the issue of the constitutionality of § 228(b)'s statutory presumption has not yet been decided by any circuit court of appeals or the United States Supreme Court but that all of the district courts which have considered the issue have uniformly found § 228(b)'s mandatory presumption violates due process by relieving the government of the obligation to prove every essential element of the crime. *See United States v. Edelkind*, slip op., 2006 WL 1453035 (W.D. La. May 18, 2006); *United States v. Casey*, slip op., 2006 WL 277092 (D.Neb. Feb. 3, 2006); *United States v. Pillor*, 387 F. Supp.2d 1053, 1057 (N.D.Cal. 2005); *United States v. Morrow*, 368 F. Supp.2d 863, 866 (C. D. Ill. 2005); *United States v. Grigsby*, 85 F.Supp.2d 100, 108-09 (D.R.I. 2000).

presumption regarding defendant Haberek's ability to pay the child support obligations that are the subject of the indictment in this case.

**IT IS SO ORDERED.**

**DATED** this 29 day of June, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA